**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **YARED TESSEMA,** | ) |
| | ) |
| Petitioner, | ) CIV 10-00925 PHX SRB MEA |
| | ) |
| v. | ) REPORT AND RECOMMENDATION |
| | ) |
| **KATRINA KANE,** | ) |
| | ) |
| Respondent. | ) |

**TO THE HONORABLE SUSAN R. BOLTON:**

Mr. Yared Tessema ("Petitioner") filed a pro se Petition for Writ of Habeas Corpus pursuant to 42 U.S.C. § 2241 on April 27, 2010. In the petition Mr. Tessema asserts his detention by the Department of Homeland Security violates United States statutes and his constitutional right to due process of law.

**Analysis**

Petitioner is a native of Ethiopia. Petitioner was taken into custody and placed in removal proceedings in April of 2009. In the habeas petition filed April 27, 2010, Petitioner asserts only that his continued detention violated the doctrine stated by the United States Supreme Court in Zadvydas v. Davis.

Respondent presents evidence to the Court that Petitioner was removed from the United States on June 14, 2010. Because the petition for habeas relief attacks only the

legitimacy of Petitioner's continued detention, the petition is now moot. The case-or-controversy requirement of Article III, § 2, of the United States Constitution "subsists through all stages of federal judicial proceedings ... The parties must continue to have a personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78, 110 S. Ct. 1249, 1253-54 (1990) (internal quotations omitted). If it appears that the Court is without the power to grant the relief requested by a habeas petitioner, then that case is moot. See Picrin-Peron v. Rison, 930 F.2d 773, 775 (9th Cir. 1991).

The relief that Petitioner requested in his habeas petition, i.e., his release from continued and potentially indefinite detention, can no longer be granted by the Court. Therefore, this habeas action, alleging his continued detention violates federal law and his constitutional rights, is moot. See Abdala v. I.N.S., 488 F.3d 1061, 1065 (9th Cir. 2007) (holding that "there must be some remaining 'collateral consequence' that may be redressed by success on the petition" in order for a habeas to continue); Picrin-Peron, 930 F.2d at 775; Ferry v. Gonzales, 457 F.3d 1117, 1132 (10th Cir. 2006); Soliman v. United States, 296 F.3d 1237, 1243 (11th Cir. 2002).

The United States Supreme Court has held that speculation and conjecture of future improper conduct is insufficient to defeat mootness, and that the "the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." City of Los Angeles v. Lyons, 461 U.S. 95, 101-02, 108-09, 103 S. Ct. 1660, 1664-65 (1983)

(internal quotations omitted) (noting that the "capable-of-repetition doctrine applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality").

Because Petitioner is no longer in detention his habeas petition alleging that his previous detention was unauthorized and unconstitutional is now moot. See Kaur v. Holder, 561 F.3d 957, 959 (9th Cir. 2009); Abdala, 488 F.3d at 1065; Qassam v. Bush, 466 F.3d 1073, 1075 (D.C. Cir. 2006) (exception to mootness for "voluntary cessation" does not apply where there is no reasonable expectation that the alleged government conduct will recur, and interim events have completely eradicated the effects of the alleged violation).

**Conclusion**

The Petition for Writ of Habeas Corpus is moot because the petition challenges only the legitimacy of Petitioner's continued detention and Petitioner has now been released from detention, i.e., Petitioner has been removed from the United States. There is no existing case or controversy over which this Court may exercise jurisdiction and, therefore, this case is moot.

**IT IS THEREFORE RECOMMENDED** that Mr. Tessema's Petition for Writ of Habeas Corpus be **dismissed with prejudice as moot**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate

Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

Pursuant to 28 U.S.C. foll. § 2254, R. 11, the District Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The undersigned recommends that, should the Report and Recommendation be adopted and, should Petitioner seek a certificate of appealability, a certificate of appealability should be denied because Petitioner has not made a substantial showing of the denial of a

constitutional right as required by 28 U.S.C.A § 2253(c)(2).

DATED this 13th day of July, 2010.

                                          */s/ Mark E. Aspey*
                                          Mark E. Aspey
                                        United States Magistrate Judge